IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:16cv133-ORL-40GJK

EUGENE FARMER,

     Plaintiff,

vs.

VERIZON WIRELESS PERSONAL
COMMUNICATIONS, LP

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Verizon Wireless Personal Communications LP d/b/a Verizon Wireless ("Verizon Wireless") files its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

## COMPLAINT

1.     In response to paragraph 1 of the Complaint, admitted that Plaintiff purports to allege violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"); denied that Defendant committed any such alleged violations; and denied as to all other allegations in paragraph 1.

## INTRODUCTION

2.     In response to paragraph 2 of the Complaint, the allegations state legal conclusions to which no response is required and/or contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.  To

the extent that anything in paragraph 2 can be construed as an allegation of fact against Defendant, those allegations are denied.

3.      In response to paragraph 3 of the Complaint, the allegations state legal conclusions to which no response is required and/or contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.  To the extent that anything in paragraph 3 can be construed as an allegation of fact against Defendant, those allegations are denied.

4.      In response to paragraph 4 of the Complaint, the allegations state legal conclusions to which no response is required and/or contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.  To the extent that anything in paragraph 4 can be construed as an allegation of fact against Defendant, those allegations are denied.

5.      In response to paragraph 5 of the Complaint, the allegations state legal conclusions to which no response is required and/or contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.  To the extent that anything in paragraph 5 can be construed as an allegation of fact against Defendant, those allegations are denied.

## JURISDICTION AND VENUE

6.      In response to paragraph 6 of the Complaint, admitted for purposes of jurisdiction only.

2

7.      In response to paragraph 7 of the Compliant, denied that Defendant committed any alleged violations.

## FACTUAL ALLEGATIONS

8.      In response to paragraph 8 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

9.      In response to paragraph 9 of the Complaint, Defendant is without sufficient information to admit or deny the allegations, therefore, denied.

10.     In response to paragraph 10 of the Complaint, denied.

11.     In response to paragraph 11 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

12.     In response to paragraph 12 of the Complaint, denied.

13.     In response to paragraph 13 of the Complaint, denied.

14.     In response to paragraph 14 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

15.     In response to paragraph 15 of the Complaint, denied.

16.     In response to paragraph 16 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

17.     In response to paragraph 17 of the Complaint, denied.

18.     In response to paragraph 18 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

19.     In response to paragraph 19 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

20.     In response to paragraph 20 of the Complaint, denied.

21.     In response to paragraph 21 of the Complaint, denied.

22.     In response to paragraph 22 of the Complaint, is without sufficient information to admit or deny the allegations; therefore, denied.

23.     In response to paragraph 23 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

24.     In response to paragraph 24 of the Complaint, denied.

25.     In response to paragraph 25 of the Complaint, denied.

26.     In response to paragraph 26 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

27.     In response to paragraph 27 of the Complaint, denied.

28.     In response to paragraph 28 of the Complaint, denied.

29.     In response to paragraph 29 of the Complaint, denied.

30.     In response to paragraph 30 of the Complaint, denied.

31.     In response to paragraph 31 of the Complaint, Defendant is without sufficient information to admit or deny the allegations; therefore, denied.

32.     In response to paragraph 32 of the Complaint, denied.

33.     In response to paragraph 33 of the Complaint, denied.

34.     In response to paragraph 34 of the Complaint, denied.

35.     In response to paragraph 35 of the Complaint, denied.

36.     In response to paragraph 36 of the Complaint, denied.

37.     In response to paragraph 37 of the Complaint, denied.

38.     In response to paragraph 38 of the Complaint, the allegations contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil

Procedure.   To the extent that anything in paragraph 38 can be construed as an allegation of fact against Defendant, those allegations are denied.

39.     In response to paragraph 39 of the Complaint, the allegations contain facts immaterial to the substantive allegations of the Complaint that do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.   To the extent that anything in paragraph 38 can be construed as an allegation of fact against Defendant, those allegations are denied.

40.     In response to paragraph 40 of the Complaint, denied.

41.     In response to paragraph 41 of the Complaint, denied.

## COUNT I
### (Violation of the TCPA)

42.     In response to paragraph 42 of the Complaint, Defendant incorporates its responses to paragraph 1 through 41 of the Complaint as if set forth in full herein.

43.     In response to paragraph 43 of the Complaint, denied.

44.     In response to paragraph 44 of the Complaint, denied.

## COUNT II
### (Violation of the FCCPA)

45.     In response to mis-numbered paragraph 44 of the Complaint, Defendant incorporates its responses to paragraph 1 through 41 of the Complaint as if set forth in full herein.

46.     In response to mis-numbered paragraph 45 of the Complaint, the allegations state a general legal conclusion to which no response is required and do not constitute "a short and plain statement of the claim" under Rule 8(a)(2) of the Federal Rule of Civil Procedure.   To the extent that anything in paragraph 38 can be construed as a factual allegation against Defendant, those allegations are denied.

47.     In response to mis-numbered paragraph 46 of the Complaint,  denied.

48.     In response to mis-numbered paragraph 47 of the Complaint, denied.

49.     In response to mis-numbered paragraph 48 of the Complaint, denied.

50.     In response to mis-numbered paragraph 49 of the Complaint, denied.

## GENERAL DENIAL

51.     Any allegation not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

52.     As its first affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a cause of action under the Florida Consumer Collection Practices Act ("FCCPA") against Defendant.  *See, e.g.,* Fla. Stat. §§ 559.72 and 559.77; *Belin v. Litton Loan Servicing LP*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Condon v. Global Credit & Collection Corp.*, 2010 U.S. Dist. LEXIS 129343 (M.D. Fla. 2010).

53.     As its second affirmative defense, Defendant alleges that Plaintiff does not have standing to assert a claim under the FCCPA against Defendant.  *See, e.g.,* Fla. Stat. §§ 559.72 and 559.77; *Belin v. Litton Loan Servicing LP*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Condon v. Global Credit & Collection Corp.*, 2010 U.S. Dist. LEXIS 129343 (M.D. Fla. 2010).

54.     As its third affirmative defense, Defendant alleges Plaintiff is precluded from recovering against Defendant for a willful and knowing violation of the FCCPA and TCPA because any such violation (which Defendant denies occurred) was not willful or knowing.

55.     As its fourth affirmative defense, Defendant alleges that Plaintiff is barred from recovery against Defendant under the FCCPA and TCPA to the extent that any

alleged violations or damage sustained were legally and proximately caused by persons or entities other than Defendant or for whom Defendant is not responsible or liable.

56.     As its fifth affirmative defense, Defendant alleges that the actions of Defendant and its agents and employees are protected by the "bona fide error" defense, as such actions or omission, if any, were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## RIGHT TO ALLEGE FURTHER DEFENSES

Defendant reserves the right to assert any and all other affirmative defenses that become known through the course of discovery and investigation in this case.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award attorneys' fees and costs pursuant to Fla. Stat. §559.77, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: March 21, 2016                               Respectfully submitted,


 /s/  Robert J. Alwine
Robert J. Alwine (Fla. Bar. No. 0404179)
ROBERT ALLEN LAW
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Telephone:  (305) 372-3300
Facsimile:  (305) 379-7018
E-mail: ralwine@robertallenlaw.com

*Attorneys for Defendant*

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY hereby certify that on March 21, 2016, the foregoing document was delivered by method indicated and to those counsel listed on the attached service list.

/s/ Robert J. Alwine
Robert J. Alwine

8

**SERVICE LIST**
**Farmer v. Verizon Wireless Personal Communications LP**
**CASE NO: 6:16cv133-ORL-40GJK**
**United States District Court for the Middle District of Florida**

**Amanda Allen, Esq.**
The Consumer Protection Firm
210-A South MacDill Avenue
Tampa, FL 33609
Tel: 813-500-1500
Fax: 813-435-3269
E-mail: amanda@theconsumerprotectionfirm.com

*Attorneys for Plaintiff*

[Via CM/ECF]

9